*E-FILED - 2/12/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES WILSON CALLOWAY, | No. C 07-2335 RMW (PR) |
| Plaintiff, | ORDER ADDRESSING PENDING MOTIONS |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | (Docket Nos.14, 18, 23, 30, 31, 33, 38, 40, 41, 43) |
| Defendants. | |

Plaintiff, a California prisoner proceeding pro se, filed the instant civil rights action pursuant to 42 U.S.C. § 1983.  Pending before this court are numerous motions filed by plaintiff for the purpose of obtaining information regarding the location of unserved defendants and a motion to dismiss or quash service by several named defendants.

A.   Defendants' Motion to Dismiss or Quash Service

Defendants Curry, Friedman, Sinnaco, and Chudy have specially appeared to request dismissal or quashing of service.  Per order filed on October 18, 2007, the court found plaintiff's allegations of a deliberate indifference to plaintiff's serious medical needs and safety stated a cognizable § 1983 claim for damages against the named defendants -- Director J. Tilton, California Department of Corrections and Rehabilitation, 1515 S. Street, Sacramento, California, 95814; Warden Ben Curry, Chief Medical Officer Dr. Joseph Chudy, Chief Medical Officer

1   Michael Friedman, Dr. Sinnaco, and Nurse Irwin at the Correctional Training Facility ("CTF")

2   in Soledad, California -- and ordered the United States Marshal to serve them.  More than one

3   year later, no appearance has been filed on behalf of any of the named defendants.

4          The court has looked into whether the named defendants have been served in this matter.

5   As in all § 1983 prisoner cases filed in this court, the Marshal's office mailed to each of the

6   defendants at CTF, his/her place of business, a summons and a copy of the complaint, as well as

7   a notice and acknowledgment of receipt and summons.  Upon receipt of the forms at the

8   defendants' place of business, the litigation coordinator forwarded the appropriate forms to the

9   California Attorney General's Office for execution.

10         Pursuant to the customary practice of the Attorney General's Office in § 1983 prisoner

11  cases in this court, the deputy attorney general assigned to the case next would have completed

12  the acknowledgment of receipt of summons form on behalf of the defendants and would have

13  returned it to the Marshal's office.  But that did not happen in this case.  The deputy attorney

14  assigned to this case instead has indicated that service was not properly executed on defendants

15  Curry, Friedman, Sinnaco, and Chudy despite their having received copies of the summons and

16  complaint at their place of business and despite the litigation coordinator having followed the

17  customary practice of forwarding the notice and acknowledgment of receipt and summons to the

18  Attorney General's Office for the assigned deputy attorney general to execute and return to the

19  Marshal's office.

20         In order to expedite these proceedings, the defendants' motion to quash service is denied

21  without prejudice and the court assumes the assigned deputy attorney general will follow the

22  customary practice.  Further, the court requests that, **within 30 days** of the filing date of this

23  order, the deputy attorney general assigned to this case secure waivers from defendants Curry,

24  Friedman, Sinnaco, and Chudy and file an appearance on their behalf.  If the deputy attorney

25  general is unwilling to follow the customary procedure, the court orders that he file an

26  explanation as to why he is unwilling to do so within 30 days.

27  B.    Defendants Tilton and Nurse Irwin

28         A review of the docket demonstrates that a summons was issued as to defendant Tilton,

Order Addressing Pending Motions
P:\PRO-SE\SJ.Rmw\CR.07\Calloway335misc.wpd        2

1     however, there is no indication that anything was returned unexecuted or otherwise.  The court's

2     docket also shows that the summons was returned unexecuted as to Nurse Irwin because she was

3     no longer at the facility.

4        Here, plaintiff's complaint has been pending for over 120 days, and thus, absent a

5     showing of "good cause," is subject to dismissal without prejudice as to the unserved defendants.

6     See Fed. R. Civ. P. 4(m).  In cases wherein the plaintiff proceeds in forma pauperis, the "officers

7     of the court shall issue and serve all process."  28 U.S.C. 1915(d).  The court must appoint the

8     Marshal to effect service, see Fed. R. Civ. P. 4(c)(2), and the Marshal, upon order of the court,

9     must serve the summons and the complaint, see Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir.

10    1994), overruled on other grounds by Sandin v. Connor, 515 U.S. 472 (1995).  Although a

11    plaintiff who is incarcerated and proceeding in forma pauperis may rely on service by the

12    Marshal, such plaintiff "may not remain silent and do nothing to effectuate such service;" rather,

13    "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to

14    remedy any apparent defects of which [he] has knowledge."  Rochon v. Dawson, 828 F.2d 1107,

15    1110 (5th Cir. 1987).  If the marshal is unable to effectuate service through no fault of his own,

16    for example, because plaintiff failed to provide sufficient information or because the defendant is

17    not where plaintiff claims, and plaintiff is informed, plaintiff must seek to remedy the situation

18    or face dismissal.  See Walker, 14 F.3d at 1421-22 (prisoner failed to show cause why prison

19    official should not be dismissed under Rule 4(m) because prisoner did not prove that he provided

20    marshal with sufficient information to serve official or that he requested that official be served).

21       Because it appears that service upon defendant Tilton was incomplete through no fault of

22    the plaintiff, the court will re-issue a summons to defendant Tilton to be personally served

23    **within 15 days** of the filing date of this order.

24       Because plaintiff has not served defendant Irwin, nor has he provided sufficient

25    information to allow the Marshal to locate and serve Nurse Irwin, plaintiff must remedy the

26    situation or face dismissal of his claims against said defendant without prejudice.  See Walker,

27    14 F.3d at 1421-22.  Accordingly, with regard to Nurse Irwin, plaintiff must provide the court

28    with her accurate and current location such that the Marshal is able to effect service upon her.

1    Failure to do so **within 30 days** of the date this order is filed will result in the dismissal of the
2    claims against Nurse Irwin.

3         However, since the Attorney General may be able to provide current location information
4    to the court by contacting the prison's personnel department, as a courtesy to plaintiff, the court
5    will order the Attorney General to provide the court with whatever location information it has as
6    to Nurse Irwin, under seal if he so chooses, **within 15 days**.  Any defendants who remain
7    insufficiently located for the marshal to effect service, however, will be dismissed without
8    prejudice.

9    C.    Plaintiff's various motions regarding compelling disclosure or discovery

10         Plaintiff has filed several motions attempting to order the discovery of the location of
11   unserved defendants.  Specifically, he has filed a Writ of Preliminary Injunction (docket no. 14),
12   Motion to Compel (docket no. 18), Request for an Application to Compel Disclosure or
13   Discovery (docket no. 23), Motion for Order Compelling Disclosure or Discovery (docket no.
14   30), Motion to Compel Service of Summons and Complaint upon Defendants (docket no. 38),
15   Motion for Order Compelling Disclosure or Discovery (docket no. 40), Motion for Motion to
16   Compel Sanctions (docket no. 41), and Request for Subpoenas (docket no. 43).  In sum, the
17   motions to compel and for sanctions request the court to order the California Nurses Association,
18   California State Personnel Board, California Department of Justice, California Attorney
19   General's Office, and California Department of Corrections and Rehabilitation to provide full
20   names, addresses, phone numbers, licensing information, tax account numbers of the defendants.
21   The motion for subpoenas requests the court to issue subpoenas to those same nonparties to
22   provide the same.

23         Federal courts do not conduct discovery for the parties.  The discovery model used in
24   federal courts requires the parties to conduct their own discovery without court assistance unless
25   there is a dispute between the parties that they cannot resolve without court intervention.  Only
26   when such a dispute arises does the court step into the discovery process.  The court may compel
27   a party or nonparty to comply with a discovery request, but such an order presupposes the
28   existence of a valid discovery request.  Here, plaintiff has not shown that he has not made valid

1    discovery requests for which he has not received responses.

2         Further, the court cannot compel nonparties to provide plaintiff with information but can

3    order them to produce documents if properly requested.  Plaintiff is reminded that it is his

4    responsibility to provide the court with sufficient information to locate and serve the named

5    defendants, and that his complaint against the unserved defendants is subject to dismissal

6    without prejudice because it has been pending against them for more than 120 days. See Fed. R.

7    Civ. P. 4(m).  Accordingly, plaintiff's motions to compel and for sanctions are DENIED.

8         Plaintiff's motion for subpoenas is DENIED as well.  Plaintiff may compel a person who

9    is not a party to this action to produce documents for inspection and copying pursuant to a

10   subpoena duces tecum. See Fed. R. Civ. P. 34(c), 45(a).  In order to do so, plaintiff must fill out

11   the subpoena forms provided by the Clerk of Court and must ensure that each person is served

12   with the subpoena by a non-party.  Plaintiff must tender to each person "the fees for one day's

13   attendance and the mileage allowed by law." Fed R. Civ. P. 45(b)(1).  The current requisite fee

14   for each person is forty dollars per day, see 28 U.S.C. § 1821(b), and cannot be waived for a

15   plaintiff proceeding in forma pauperis.  See Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993).

16   These requirements do not apply to a request for production of documents from one party on any

17   other party. See Fed. R. Civ. P. 34(a).

18        The court will consider ordering the United States Marshal to serve a subpoena duces

19   tecum on a non-party if plaintiff submits to the court a completed subpoena form and the

20   requisite fee.  The form must describe the items to be produced with reasonable particularity and

21   designate a reasonable time, place and manner for their production. See Fed. R. Civ. P. 34(b).

22   The clerk is instructed to send plaintiff five blank subpoena forms along with this order.

23                                    **CONCLUSION**

24        1.    Defendants' motion to dismiss or quash service is DENIED without prejudice.

25   **Within 30 days** of the filing date of this order, the deputy attorney general assigned to this case

26   submit waivers from  defendants Curry, Friedman, Sinnaco, and Chudy and file an appearance

27   on their behalf or show cause why he has not done so.  The clerk shall serve a copy of this order

28   on Supervising Deputy Attorney General Paul Hammerness.  The clerk shall also serve a copy of

1  this order on plaintiff.

2  　　　　2.　　　The clerk shall send the United States Marshal a new copy of the summons and

3  complaint, and all attachments thereto.  On an **expedited basis**, and within **15 days of the date**

4  **this order is filed**, the Marshal shall **personally serve**, without prepayment of fees, a copy of

5  the complaint, all attachments thereto, upon **Director J. Tilton, California Department of**

6  **Corrections and Rehabilitation, 1515 S. Street, Sacramento, California, 95814.**

7  　　　　3.　　　Plaintiff must provide the court with accurate and current location information for

8  defendant Nurse Irwin such that the Marshal is able to effect service upon them.  <u>If plaintiff fails</u>

9  <u>to provide the court with the accurate and current locations, within **thirty (30) days** of the date</u>

10 <u>this order is filed, plaintiff's claim against defendant Irwin will be dismissed pursuant to Rule</u>

11 <u>4(m) of the Federal Rules of Civil Procedure; the dismissal will be without prejudice to plaintiff</u>

12 <u>refiling his complaint with such information.</u>

13 　　　　Further, as a courtesy, the Attorney General shall provide the court with whatever

14 location information it has as to Nurse Irwin, under seal if he so chooses, **within 15 days** of the

15 filing date of this order.

16 　　　　4.　　　Plaintiff's motions to compel, for sanctions, and for subpoenas are DENIED.  The

17 clerk is instructed to send plaintiff five blank subpoena forms along with this order.

18 　　　　5.　　　Plaintiff's motion for additional time after service is DENIED as unnecessary.

19 　　　　This order terminates docket nos. 14, 18, 23, 30, 31, 33, 38, 40, 41, and 43.

20 　　　　IT IS SO ORDERED.

21 DATED: _____2/10/09_____

22 　　　　　　　　　　　　　　　　RONALD M. WHYTE
    United States District Judge

23

24

25

26

27

28