*E-FILED - 4/15/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES WILSON CALLOWAY,<br><br>          Plaintiff,<br>    v.<br><br>CALIFORNIA DEPARTMENT OF<br>CORRECTIONS AND<br>REHABILITATION, et al.,<br><br>          Defendants. | No. C 07-2335 RMW (PR)<br><br>ORDER OF DISMISSAL<br>WITH LEAVE TO AMEND |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. On February 12, 2009, the court denied defendants' motion to quash service and requested waiver of service based upon customary procedure of the Attorney General's Office. In response, the deputy attorney general explained why he was unwilling to follow the customary procedure, and, in addition, added an argument that plaintiff's complaint should be dismissed for failure to state a claim. After further review, the court concludes that defendants' argument regarding plaintiff's complaint is persuasive. Accordingly, the court re-screens plaintiff's complaint pursuant to 28 U.S.C. § 1915A and, for the reasons stated below, the court DISMISSES the complaint with leave to amend.

**DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner

Order of Dismissal with Leave to Amend
P:\PRO-SE\SJ.Rmw\CR.07\Calloway335dwlta.wpd          1

seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Plaintiff's Claim - Deliberate Indifference to Serious Medical Needs[1]

Deliberate indifference to serious medical needs is a cognizable claim for a violation of the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. McGuckin, 974 F.2d at 1059.

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Id. The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a "serious" need for medical treatment. Id. at 1059-60.

In order for deliberate indifference to be established, there must be a purposeful act or failure to act on the part of the defendant. Id. at 1060. Second, a prisoner can make no claim for

---

[1] Although plaintiff alleges two separate claims in his complaint, the court concludes that both claims can be subsumed in one allegation of deliberate indifference to serious medical needs, in violation of his Eighth Amendment right to be free from cruel and unusual punishment.

deliberate medical indifference unless the denial was harmful. Id. But the court need not find that the defendant's actions are egregious or that they resulted in significant injury to the prisoner in order to find a violation of the prisoner's federal constitutional rights. Id. at 1060, 1061.

### 1. **Defendant Dr. Sinnaco**

Plaintiff alleges that on July 11, 2005, plaintiff saw Dr. Sinnaco and asked for a prostate and colon exam. Dr. Sinnaco conducted a digital rectal screening exam and concluded that plaintiff's colon was fine but his prostate was enlarged. As a result, Dr. Sinnaco prescribed medication for plaintiff's prostate. Plaintiff claims that Dr. Sinnaco failed to properly diagnose him with colitis and that as a result of such failure, a diagnosis of colitis was delayed, causing plaintiff to suffer.

A claim of medical malpractice or negligence is insufficient to make out a violation of the Eighth Amendment. See Toguchi v. Chung, 291 F.3d 1051, 1060-61 (9th Cir. 2004); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002).

Here, plaintiff claims that Dr. Sinnaco failed to diagnose his colitis. Thus far, plaintiff's allegations fail to state a claim for relief under § 1983 because they do not amount to more than medical negligence, see, e.g., Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998) (finding no merit in claims stemming from alleged delays in administering pain medication, treating broken nose and providing replacement crutch, because claims did not amount to more than negligence); McGuckin, 974 F.2d at 1059 (mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's 8th Amendment rights), or a difference of medical opinion, see Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) ("A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim.").

Accordingly, plaintiff's deliberate indifference claim against Dr. Sinnaco is DISMISSED for failure to state a claim. However, this claim will be dismissed with leave to amend if plaintiff can allege facts sufficient to state a claim for deliberate indifference under the standard explained above.

### 2. **Defendant Nurse Irwin**

Plaintiff also alleges that on November 29, 2005, he requested and received a medical pass from Nurse Irwin. Another prison employee told plaintiff to return the next day to use the pass. The next day, November 30, 2005, Nurse Irwin informed plaintiff that he would have to wait until December 5, 2005 to use his medical pass. Plaintiff alleges that Nurse Irwin denied him access to sick-call and to see the doctor about his colitis.

A prison official is deliberately indifferent if she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994). In order for deliberate indifference to be established, therefore, there must be a purposeful act or failure to act on the part of the defendant and resulting harm. See McGuckin, 974 F.2d at 1060.

Here, plaintiff concedes that Nurse Irwin "did her job" by issuing the medical pass as requested on November 29, 2005. Plaintiff then states that officers refused to release him. When he returned the following day, Nurse Irwin informed him that he would not be able to be seen until December 5, 2005. Thus far, plaintiff's allegations against Nurse Irwin fail to state a claim for relief under § 1983 because they do not sufficiently allege deliberate indifference. Farmer, 511 U.S. at 837 (stating that the prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but she "must also draw the inference"); Gibson v. County of Washoe, 290 F.3d 1175, 1188 (9th Cir. 2002) (noting that if a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk).

Accordingly, plaintiff's deliberate indifference claim against Nurse Irwin is DISMISSED for failure to state a claim. However, this claim will be dismissed with leave to amend if plaintiff can allege facts sufficient to state a claim for deliberate indifference under the standard explained above.

C.   Supervisory Liability

Plaintiff claims defendants Warden Curry, Chief Medical Officer Friedman, Director Tilton, and Chief Medical Officer Chudy are liable as supervisors. However, plaintiff must

1  allege that those defendants "participated in or directed the violations, or knew of the violations
2  and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  He has
3  not made such a claim.  Accordingly, plaintiff's claim against defendants Curry, Friedman,
4  Tilton, and Chudy are DISMISSED with leave to amend.

D.   California Department of Corrections and Rehabiliation and Doe Defendants

6  For the reasons stated in the court's initial order of service (docket no. 10), defendant
7  California Department of Corrections and Rehabilitation ("CDCR") is DISMISSED, and Doe
8  defendants are dismissed without prejudice and with leave to amend, should plaintiff learn their
9  identities through discovery.

**CONCLUSION**

11  1.   Plaintiff's complaint is DISMISSED without prejudice with leave to amend.  All
12  claims against defendants Sinnaco, Irwin, Curry, Friedman, Tilton, Chudy, and Doe are
13  DISMISSED without prejudice.  Defendant CDCR is dismissed without leave to amend.

14  2.   Plaintiff shall file an AMENDED COMPLAINT within **thirty days** from the date
15  this order is filed to cure the deficiencies described above.  The amended complaint must include
16  the caption and civil case number used in this order (07-2335 RMW (PR)) and the words
17  AMENDED COMPLAINT on the first page.  Plaintiff may not incorporate material from the
18  prior complaint by reference.  **Failure to file an amended complaint within thirty days and in**
19  **accordance with this order with result in dismissal of these claims.**

20  3.   All other pending motions are DENIED without prejudice to re-filing.

21  4.   It is the plaintiff's responsibility to prosecute this case.  Plaintiff's must keep the
22  court informed of any change of address by filing a separate paper with the clerk headed "Notice
23  of Change of Address," and must comply with the court's orders in a timely fashion.  Failure to
24  do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule
25  of Civil Procedure 41(b).

26  IT IS SO ORDERED.
27  DATED: __4/14/09_____           _Ronald M. Whyte_
                                       RONALD M. WHYTE
28                                     United States District Judge

Order of Dismissal with Leave to Amend
P:\PRO-SE\SJ.Rmw\CR.07\Calloway335dwlta.wpd       5