*E-FILED - 9/8/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES WILSON CALLOWAY,<br><br>    Plaintiff,<br>  v.<br><br>CALIFORNIA DEPARTMENT OF<br>CORRECTIONS AND<br>REHABILITATION, et al.,<br><br>    Defendants. | No. C 07-2335 RMW (PR)<br><br>ORDER OF PARTIAL<br>DISMISSAL; ORDER OF<br>SERVICE; ORDER<br>DIRECTING DEFENDANTS<br>TO FILE DISPOSITIVE<br>MOTION OR NOTICE<br>REGARDING SUCH MOTION |

Plaintiff, a state prisoner proceeding pro se, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983. For the reasons stated below, the court dismisses defendants Irwin, Chudy, Friedman, Curry, Tilton, and the California Department of Corrections, and orders service on the remaining defendant.

**BACKGROUND**

On October 18, 2007, the court ordered service of plaintiff's original complaint upon named defendants. On September 18, 2008, defendants specially appeared and moved to quash service. On February 12, 2009, the court denied defendants' motion to quash service and requested waiver of service based upon customary procedure of the Attorney General's Office. In response, the deputy attorney general explained why he was unwilling to follow the customary procedure, and, in addition, argued that plaintiff's complaint should be dismissed for

failure to state a claim. After further review, on April 15, 2009, the court concluded that defendants' argument regarding plaintiff's complaint was persuasive and, as a result, res-screened plaintiff's complaint pursuant to 28 U.S.C. § 1915A. Thereafter, the court dismissed the original complaint with leave to amend for failure to state a claim. On May 13, 2009, plaintiff filed his amended complaint.

## DISCUSSION

A.   <u>Standard of Review</u>

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. <u>See</u> 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. <u>See</u> <u>id.</u> § 1915A(b)(1), (2). <u>Pro</u> <u>se</u> pleadings must, however, be liberally construed. <u>See</u> <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." <u>Erickson v. Pardus</u>, 127 S. Ct. 2197, 2200 (2007) (citations and internal quotations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." <u>Id.</u> at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

B.    Plaintiff's Claim - Deliberate Indifference

    **1.    Defendant Dr. Sinnaco**

Plaintiff alleges that on July 11, 2005, plaintiff saw Dr. Sinnaco and asked for a prostate and colon exam. Dr. Sinnaco failed to perform a colonoscopy and failed to refer plaintiff to a specialist. As a result, plaintiff suffered a substantial delay in his diagnosis. Plaintiff claims that Dr. Sinnaco failed to properly diagnose him with colitis, knew that the prison was not equipped with the proper equipment to properly diagnose colitis, and that such failures caused plaintiff to suffer.

A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994). In order for deliberate indifference to be established, therefore, there must be a purposeful act or failure to act on the part of the defendant and resulting harm. See McGuckin, 974 F.2d at 1060.

Cognizant of the court's duty to construe pro se complaint liberally, see Hughes v. Rowe, 449 U.S. 5, 9 (1980), plaintiff's allegations state a cognizable claim that defendant Dr. Sinnaco violated his Eighth Amendment rights by acting with deliberate indifference to his serious medical needs and deliberate indifference to his safety by failing to properly treat plaintiff's medical condition.

    **2.    Defendant Nurse Irwin**

Plaintiff also alleges that on November 30, 2005, Nurse Irwin denied plaintiff access to sick-call to see the doctor about his colitis. Plaintiff alleges that defendant Irwin knew he had been diagnosed with colitis and knew he was waiting for surgery. Plaintiff alleges defendant Irwin purposefully placed him in substantial risk and disregarded the seriousness of his ailment.

Again, cognizant of the court's duty to construe pro se complaint liberally, see Hughes, 449 U.S. at 9, plaintiff's allegations state a cognizable claim that defendant Nurse Irwin violated

1 his Eighth Amendment rights by acting with deliberate indifference to his serious medical needs
2 and deliberate indifference to his safety by failing to properly treat plaintiff's medical condition.

3 However, on February 12, 2009, the court noted that defendant Nurse Irwin was unable
4 to be served because plaintiff had not provided accurate and current information regarding her
5 location. The court ordered plaintiff to provide such information within 30 days in order to
6 complete service or face dismissal. As a courtesy to plaintiff, the court also ordered the Attorney
7 General to provide the court with any information it had regarding Nurse Irwin's whereabouts
8 within 15 days. The court has not received any information from either party. Accordingly,
9 Nurse Irwin is DISMISSED without prejudice. See Fed. R. Civ. P. 4(m).

**3.      Chief Medical Officers Joseph Chudy and Michael Friedman, Warden Curry, and Director Tilton**

Plaintiff further alleges that defendants Chudy, Friedman, Curry, and Tilton contributed to plaintiff's injuries and are liable in a supervisory capacity.

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). Even at the pleading stage, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

The United States Supreme Court has recently explained the "plausible on its face" standard of Twombly. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

Plaintiff's allegations regarding the liability of these four defendants are made in general terms and are conclusory – simply that these defendants "knew or should have known" about the alleged violations and "directly or indirectly" contributed to such. Conclusory allegations "are

1  not entitled to the assumption of truth." Id.  This is exactly the kind of allegation that the Court
2  in Iqbal determined was not adequate to state a claim.

3  Because plaintiff's allegations against these four defendants are "bare assertions . . .
4  amount[ing] to nothing more than a formulaic recitation of the elements" of a constitutional
5  claim, the allegations are not entitled to the presumption of truth. Iqbal, 129 S. Ct. at 1951.
6  Omitting the conclusory allegations from plaintiff's amended complaint, plaintiff's claims
7  against those four defendants do not include any factual allegation sufficient to plausibly suggest
8  that those defendants "participated in or directed the violations, or knew of the violations and
9  failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); see Iqbal,
10 129 S. Ct. at 1952.

11 Even after petitioner was given the opportunity to amend his petition to allege facts
12 sufficient to sustain a cognizable claim against these four defendants, petitioner's claim remains
13 deficient.  Accordingly, plaintiff's claim against defendants Chudy, Friedman, Curry, and Tilton
14 are DISMISSED.

15 D. California Department of Corrections and Rehabiliation ("CDCR")

16 For the reasons stated in the court's initial order of service (docket no. 10), defendant
17 CDCR is DISMISSED without leave to amend.

## CONCLUSION

19 1. Defendant Nurse Irwin is DISMISSED without prejudice. Defendants Chudy,
20 Friedman, Curry, and Tilton are DISMISSED without prejudice. Defendant CDCR is
21 DISMISSED without leave to amend.

22 2. The clerk of the court shall issue summons and the United States Marshal shall
23 **personally serve** without prepayment of fees, a copy of the complaint, all attachments thereto,
24 and a copy of this order upon: **Dr. Sinnaco** at the **Correctional Training Facility in Soledad,**
25 **California**. The clerk shall also mail a courtesy copy of this order and the complaint, with all
26 attachments thereto, to the **California Attorney General's Office**.

27 3. No later than **ninety (90) days** from the date of this order, defendant shall file a

motion for summary judgment or other dispositive motion with respect to the claims in the complaint as set forth above, or notify the court that they are of the opinion that this case cannot be resolved by such a motion.

  a. If defendant elects to file a motion to dismiss on the grounds that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendant shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

  b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the court prior to the date the summary judgment motion is due.**

4. Plaintiff's opposition to the dispositive motion shall be filed with the court and served on defendant no later than **thirty (30) days** from the date defendant's motion is filed.

  a. In the event defendant files an unenumerated motion to dismiss under Rule 12(b), plaintiff is hereby cautioned as follows:[1]

> The defendant has made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

  b. In the event defendant files a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

>    The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
>    Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendant's motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See <u>Ghazali v. Moran</u>, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); <u>Brydges v. Lewis</u>, 18 F.3d 651, 653 (9th Cir. 1994).

5.   Defendant <u>shall</u> file a reply brief no later than **fifteen (15) days** after plaintiff's opposition is filed.

6.   The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

7.   All communications by the plaintiff with the court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendant or defendant's counsel.

8.   Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order is required before the parties may conduct discovery.

1       For plaintiff's information, the proper manner of promulgating discovery is to send demands for documents or interrogatories (questions asking for specific, factual responses) directly to defendant's counsel. See Fed. R. Civ. P. 33-34. The scope of discovery is limited to matters "relevant to the claim or defense of any party . . ." See Fed. R. Civ. P. 26(b)(1). Discovery may be further limited by court order if "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2). <u>In order to comply with the requirements of Rule 26, before deciding to promulgate discovery plaintiff may find it to his benefit to wait until defendant has filed a dispositive motion which could include some or all of the discovery plaintiff might seek.</u> In addition, no motion to compel will be considered by the Court unless the meet-and-confer requirement of Rule 37(a)(2)(B) and N.D. Cal. Local Rule 37-1 has been satisfied. Because plaintiff is detained, he is not required to meet and confer with defendants in person. Rather, if his discovery requests are denied and he intends to seek a motion to compel he must send a letter to defendant to that effect, offering him one last opportunity to provide him with the sought-after information.

     9.    All pending motions are DENIED without prejudice to re-filing.

    10.    It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: __9/4/09_____

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge