*E-FILED - 3/24/10*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES WILSON CALLOWAY,<br><br>  Plaintiff,<br>  v.<br><br>CALIFORNIA DEPARTMENT OF<br>CORRECTIONS AND<br>REHABILITATION, et al.,<br><br>  Defendants. | No. C 07-2335 RMW (PR)<br><br>ORDER ADDRESSING<br>PENDING MOTIONS<br><br>(Docket Nos. 92, 95, 98, 102,<br>105, 106) |

On April 30, 2007, plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. On October 18, 2007, the court partially dismissed the complaint and ordered the cognizable claims served upon named defendants. (Docket no. 10.) On September 16, 2008, defendants filed a motion to dismiss or to quash service. (Docket no. 33.) After briefing, on April 15, 2009, the court ordered the complaint dismissed but granted plaintiff leave to amend. (Docket no. 60.) On May 13, 2009, plaintiff filed an amended complaint. (Docket no. 62.) On September 8, 2009, the court partially dismissed the amended complaint and ordered the cognizable claims served upon the remaining defendant. (Docket no. 81.) The defendant Dr. Sinnaco was served on September 22, 2009. On October 23, 2009, defendant Sinnaco filed a motion for summary judgment which has been submitted for decision and will be addressed in a separate order. (Docket no. 93.)

Here, the court addresses the following motions: (1) plaintiff's motion to compel service

of the summons and complaint on B. Irwin and to reinstate dismissed defendants; (2) plaintiff's motion for additional time to respond to defendant's motion for summary judgment; (3) plaintiff's motion to require compliance with Fed. R. Civ. P. 26(a); (4) plaintiff's request to file a second amended complaint; (5) plaintiff's motions to alter or amend judgment dismissing J. Tilton and Nurse Irwin from the amended complaint; (6) plaintiff's motion to compel service of summons and complaint on Tilton, Cury, Chudy, Friedman, Sinnaco, and Nurse Irwin; (7) plaintiff's motion for the appointment of counsel; and (8) defendant's request for a stay pending a ruling on the motion for summary judgment.

A.  <u>Motion to compel service and to reinstate dismissed defendants</u>

On September 8, 2009, the court dismissed all defendants but Dr. Sinnaco from this action. On October 20, 2009, plaintiff filed a "motion to compel service of the summon [sic] and complaint on B. Irwin and to reinstate dismissed defendants to the complaint." In the motion, plaintiff states that he has located Nurse B. Irwin, a previously named defendant whom the court subsequently dismissed pursuant to Federal Rule of Civil Procedure 4(m). Plaintiff requests that the court reconsider its dismissal of Nurse B. Irwin.

Where, as here, the court's ruling has not resulted in a final judgment or order, reconsideration of the ruling may be sought under Rule 54(b) of the Federal Rules of Civil Procedure, which provides that any order which does not terminate the action is subject to revision at any time before the entry of judgment. <u>See</u> Fed. R. Civ. P. 54(b). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." <u>School Dist. No. 11 v. ACandS, Inc.</u>, 5 F.3d 1255, 1263 (9th Cir. 1993).

In the Northern District of California, no motion for reconsideration may be brought without leave of court. <u>See</u> Civil L.R. 7-9(a). Under Civil Local Rule 7-9, the moving party must specifically show: (1) that at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the court before entry of the interlocutory order for which the reconsideration is sought, and that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order;

or (2) the emergence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the court to consider material facts which were presented to the court before such interlocutory order.  See Civil L.R. 7-9(b).

Here, on February 12, 2009, the court issued an order informing plaintiff that his complaint had been pending for more than 120 days and, absent a showing of good cause, unserved defendant Nurse B. Irwin would be dismissed unless plaintiff could provide accurate and current location information within thirty days so that the Marshal could serve her. Although plaintiff filed a variety of motions after that order, none provided accurate or current location information for Nurse B. Irwin.  On September 8, 2009, after receiving no information regarding Nurse Irwin, the court dismissed Nurse B. Irwin pursuant to Federal Rule of Civil Procedure 4(m).

In plaintiff's present motion, filed October 20, 2009 -- over *six months* after the court's order warning plaintiff that Nurse Irwin would be dismissed unless he provided proper identifying information -- plaintiff indicates that he was informed of Nurse Irwin's whereabouts and requests this court to reinstate her as a defendant.  However, Rule 4(m) requires dismissal for an untimely service unless plaintiff can demonstrate good cause for the failure.  See Fed. R. Civ. P. 4(m).  Rule 4(m) was designed to encourage diligent prosecution of lawsuits.  See Townsel v. County of Contra Costa, 820 F.2d 319, 321 (9th Cir. 1987).  This action has been pending for nearly three years.  Here, plaintiff has not demonstrated diligence nor good cause for his failure to locate Nurse B. Irwin within the requisite time.  See id.  The court finds that plaintiff has not satisfied the requirements set forth above for this court to reconsider its earlier ruling.  See Fed. R. Civ. P. 54(b); Civil L.R. 7-9(a).  Accordingly, plaintiff's motion is DENIED.

B.      Motion for additional time

On October 30, 2009, plaintiff filed a motion for additional time to respond to defendant's motion for summary judgment.  However, plaintiff filed his opposition to the motion for summary judgment on November 13, 2009.  Accordingly, plaintiff's motion is DENIED as moot.

Order Addressing Pending Motions

1  ///

2  C.    Motion to require compliance with Fed. R. Civ. P. 26(a)

3  Plaintiff filed a motion to require defendant to comply with Federal Rule of Civil
4  Procedure 26(a), which mandates parties to provide information for initial disclosure. In support
5  this motion, plaintiff states that he needs the certain information in order to serve defendant Dr.
6  Sinnaco. He requests telephone, address, and employment information for both Dr. Sinnaco and
7  Nurse Irwin. However, Dr. Sinnaco has already been served. Further, because plaintiff filed this
8  action pro se and is in custody, Rule 26(a) is not applicable to plaintiff. See Fed. R. Civ. P.
9  26(a)(1)(B)(iv). Accordingly, this motion is DENIED.

10 D.    Request to file a second amended complaint

11 On December 3, 2009, the court received an amended complaint from plaintiff. The
12 court construes this amended complaint as a request to file a second amended complaint. A
13 review of the second amended complaint demonstrates that it is substantively the same as
14 plaintiff's amended complaint, filed May 13, 2009 -- the operative complaint in this action. As
15 such, plaintiff's request to file a second amended complaint is DENIED.

16 E.    Motions to alter or amend judgment dismissing J. Tilton and Nurse Irwin

17 Plaintiff's motion to alter or amend the judgment dismissing Tilton and Irwin is
18 construed as a motion to reconsider the court's previous dismissal. Plaintiff claims that Tilton
19 knew or should have known that the prison was not equipped for colonoscopy exams. Without
20 more, this does not state a constitutional violation. See Roberts v. Spalding, 783 F.2d 867, 872
21 (9th Cir. 1986) ("The fact that a prison infirmary is systematically substandard does not preclude
22 instances of constitutionally sufficient care").

23 In the court's order of service, it found that, liberal construed, the plaintiff sufficiently
24 alleged that defendant Sinnaco had substantially delayed diagnosis and treatment of colitis. In
25 that same amended complaint, plaintiff claimed that Tilton "directly or indirectly" participated in
26 denying medical care, denied access to outside medical care, "knew or should have known" that
27 the prison contracted out colonoscopy exams to outside facilities and "knew or should have
28 known" that the prison was not equipped for colonoscopy exams. (Am. Complaint, p. 9.) As

1  stated in court's previous order dismissing defendant Tilton from this action:  Omitting the
2  conclusory allegations from plaintiff's amended complaint, plaintiff's claims against Tilton does
3  not include any factual allegation sufficient to plausibly suggest that he "participated in or
4  directed the violations, or knew of the violations and failed to act to prevent them."  Taylor v.
5  List, 880 F.2d 1040, 1045 (9th Cir. 1989); see Ashcroft v. Iqbal, 129 S. Ct. 1937, 1952 (2009).

6  Plaintiff's request to alter or amend the judgment dismissing Nurse Irwin is wholly
7  unsupported.  As stated above, "Reconsideration is appropriate if the district court (1) is
8  presented with newly discovered evidence, (2) committed clear error or the initial decision was
9  manifestly unjust, or (3) if there is an intervening change in controlling law."  School Dist. No.
10 11 v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).  In the Northern District of California, no
11 motion for reconsideration may be brought without leave of court.  See Civil L.R. 7-9(a).
12 Plaintiff does not satisfy these requirements.  Accordingly, the motions to alter or amend are
13 DENIED.

14 F.    Motion to compel service of summons and complaint

15 Plaintiff moves to compel service of the summons and amended complaint on Tilton,
16 Cury, Chudy, Friedman, Sinnaco, and Nurse Irwin.  However, the only remaining defendant in
17 this action is Dr. Sinnaco.  Dr. Sinnaco was served on September 22, 2009.  Accordingly,
18 plaintiff's motion is DENIED as moot.

19 G.    Motion for appointment of counsel

20 On September 23, 2009, plaintiff filed a letter with the court, which this court partially
21 construed as a motion for appointment of counsel.  On September 30, 2009, the court denied
22 plaintiff's request for appointment of counsel for want of exceptional circumstances.  See Rand
23 v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997).  The court informed plaintiff that, should the
24 circumstances of the case warrant appointment of counsel, the court would sua sponte appoint
25 one to represent plaintiff.  On December 28, 2009, plaintiff filed another motion for appointment
26 of counsel.  Still, no exceptional circumstances appear in this case.  Accordingly, plaintiff's
27 motion is DENIED.

28 H.    Request for a stay pending a ruling on the motion for summary judgment

1    Defendant requests that the court sanction plaintiff for violating L. R. 7-9(d), which
2 prohibits parties from making repetitive motions and arguments without leave of court.
3 Defendant proposes that a stay on any further motions by plaintiff until the court rules on
4 defendant's motion for summary judgment would suffice as an appropriate sanction.  A review
5 of the court's docket reveals that plaintiff has filed at least 9 motions in the last three months,
6 most of which are indeed substantively repetitive and asks the court to reconsider its prior
7 orders.  At this time, court DENIES without prejudice defendant's request to sanction plaintiff.
8    However, plaintiff is cautioned that the court will not look favorably upon any future
9 motions essentially asking it to reconsider its previous orders unless plaintiff is granted leave to
10 do so.  Should plaintiff continue to file such motions without abiding by the rules, see Fed. R.
11 Civ. P. 54(b); Civil L.R. 7-9(a), the court will impose the sanction as requested by defendant.

## CONCLUSION

Plaintiff's motion to compel service of the summons and complaint on B. Irwin and to reinstate dismissed defendants is DENIED.  Plaintiff's motion for additional time to respond to defendant's motion for summary judgment DENIED as moot.  Plaintiff's motion to require compliance with Fed. R. Civ. P. 26(a) is DENIED.  Plaintiff's request to file a second amended complaint is DENIED.  Plaintiff's motions to alter or amend judgment dismissing J. Tilton and Nurse Irwin from the amended complaint are DENIED.  Plaintiff's motion to compel service of summons and complaint on Tilton, Cury, Chudy, Friedman, Sinnaco, and Nurse Irwin are DENIED as moot.  Plaintiff's motion for the appointment of counsel is DENIED.  Defendant's request for a stay pending a ruling on the motion for summary judgment is DENIED.

This order terminates docket numbers  92, 95, 98, 102, 105, and 106.

IT IS SO ORDERED.

DATED:  3/23/10                         /s/ Ronald M. Whyte
                                        RONALD M. WHYTE
                                        United States District Judge

Order Addressing Pending Motions
P:\PRO-SE\SJ.Rmw\CR.07\Calloway335misc4.wpd     6