*E-FILED - 8/17/10*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES WILSON CALLOWAY,<br><br>    Plaintiff,<br>  v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>    Defendants. | No. C 07-2335 RMW (PR)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT<br><br>(Docket No. 136) |

    Plaintiff, an inmate at Central Training Facility North, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983.  On June 29, 2010, the court granted summary judgment in favor of Defendant Sinnaco, entered judgment, and terminated the case.  On July 16, 2010, plaintiff filed a motion to alter or amend judgment, or a motion for reconsideration, pursuant to Federal Rule of Civil Procedure 59(e).  For the reasons stated below, the court DENIES plaintiff's motion.

    In the court's order granting Sinnaco's motion for summary judgment, the court concluded that plaintiff provided insufficient evidence demonstrating that Sinnaco's course of diagnosis and treatment was medically unacceptable under the circumstances.  Moreover, plaintiff did not provide any evidence that Sinnaco was the cause of any delay in plaintiff's ultimate diagnosis of colitis.

Order Denying Plaintiff's Motion to Alter or Amend Judgment
P:\PRO-SE\SJ.Rmw\CR.07\Calloway335rec.wpd

As an initial matter, plaintiff cannot obtain relief through Rule 59(e) because he did not file his motion within the required ten days after entry of judgment. However, Rule 60(b) permits reconsideration within a "reasonable time." Thus, the court will analyze plaintiff's motion as a motion for reconsideration pursuant to Rule 60(b).

Motions for reconsideration should not be frequently made or freely granted; they are not a substitute for appeal or a means of attacking some perceived error of the court. See Twentieth Century - Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981). "'[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Pyramid Lake Paiute Tribe of Indians v. Hodel, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (quoting United States v. Desert Gold Mining Co., 433 F.2d 713, 715 (9th Cir. 1970)).

Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); School Dist. 1J v. ACandS Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). "Rule 60(b) [] provides a mechanism for parties to seek relief from a judgment when "it is no longer equitable that the judgment should have prospective application," or when there is any other reason justifying relief from judgment. Jeff D. v. Kempthorne, 365 F.3d 844, 853-54 (9th Cir. 2004) (quoting Fed. R. Civ. P. 60(b)). Rule 60(b) is not intended to remedy the effects of a deliberate and independent litigation decision that a party later comes to regret through second thoughts or subsequently-gained knowledge. Latshaw v. Trainer Wortham & Co., 452 F.3d 1097, 1099 (9th Cir. 2006) (denying reconsideration to a party who had settled and then discovered that her attorney had made legal errors in advising her to settle).

In his motion, plaintiff continues to assert that Sinnaco denied him his constitutional right to a colonoscopy and prompt care. Plaintiff provides a copy of "Inmate-Patient's Orientation Handbook to Health Care Services." The exhibit states that CDCR institutions provide colon cancer screening every year for inmates 50 years of age or older by way of a stool sample.

1  Plaintiff argues that this policy demonstrates that Sinnaco's decision to give him a rectal exam
2  was inappropriate.  However, that the prisons have a policy of providing preventative screening
3  for colon cancer via a stool sample is irrelevant to a determination of whether Sinnaco's decision
4  to conduct a rectal examination upon plaintiff, who had a history of gastro-esophageal reflux,
5  and who requested a prostate and colon exam, was medically unacceptable.

6  Plaintiff further claims that because medical books describe symptoms of colitis as
7  including "urgent bowel movements, crampy abdominal pain, loss of appetite and subsequent
8  weight loss, fatigue, and anemia," all symptoms that plaintiff had experienced, "the court can
9  presume that [Sinnaco] knew, or should have known" that there was a substantial risk of harm in
10 failing to order a colonoscopy exam.  (Mot. at 9.)  However, not only are the symptoms listed by
11 plaintiff indicative of ailments besides colitis, but it is well established that if a prison official
12 should have been aware of the risk, but was not, then the official has not violated the Eighth
13 Amendment, no matter how severe the risk.  Gibson v. County of Washoe, 290 F.3d 1175, 1188
14 (9th Cir. 2002).  That Sinnaco may have been negligent is insufficient to make out a violation of
15 the Eighth Amendment.  See Toguchi v. Chung, 391 F.3d 1051, 1060-61 (9th Cir. 2004); see,
16 e.g., McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992) (stating that negligence "in
17 diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth
18 Amendment rights."), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d
19 1133, 1136 (9th Cir. 1997) (en banc).

20 Plaintiff has not established that he is entitled to reconsideration of the court's order
21 granting summary judgment.  Accordingly, the court DENIES plaintiff's motion for
22 reconsideration.

23 IT IS SO ORDERED.
24 DATED:  8/17/10

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge